Macdonald, D. Lloyd, J.
The defendant is the successor mortgagee of a residential property in Falmouth. The plaintiff is the successful bidder at a foreclosure auction held in July 2006 by the defendant pursuant to its statutory power of sale.
Shortly after the auction, the owner of the property (the mortgagor, James McDonnell (“McDonnell”)) brought an action to void the foreclosure sale, naming as defendants the defendant and the principal of the plaintiff. Among other issues pressed by McDonnell was the sufficiency of the newspaper notice preceding the foreclosure.
Publication of the notice was carried in the Upper Cape Codder newspaper, which was published in Yarmouth and printed in Auburn. The Upper Cape Codderwas a weekly paper and had a paid circulation at the time of207 in the town of Falmouth. At the same time, there was a newspaper published in Falmouth, the Falmouth Enterprise, with a weekly circulation of approximately 18,000. In 2006 Falmouth had approximately 33,000 residents.
Confronted with this challenge and on advice of counsel, the defendant concluded that the foreclosure sale was void for failure of sufficient statutory notice. The defendant offered to return the plaintiffs deposit, but the plaintiff refused to accept it. The defendant then offered to tender title to the plaintiff, albeit without the customary foreclosure affidavit. The plaintiff refused that, as well, and then brought the current action.
The defendant moves for summary judgment on the basis that the notice in the Upper Cape Codder was defective as a matter of law. The plaintiff cross moves for partial summary judgment on the issue of liability.
The Court ALLOWS the defendant’s motion and DENIES the plaintiffs cross motion for the reasons that follow.
G.L.c. 244, §14 provides that when the statutory power of sale is exercised, “no sale under such power shall be effectual to foreclose a mortgage, unless, previous to such sale, notice thereof has been published once in each of three successive weeks in a newspaper, if any, published in the town where the land lies or in a newspaper with general circulation in the town where the land lies. If no newspaper is published in such town, or if there is no newspaper with general circulation in the town where the land lies, notice may be published in a newspaper published in the county where the land lies ...”
In a recent Land Court case, Judge Long noted, “The purpose behind [G.L.c. 244, § 14’s notice] requirement is easily discerned and simply stated. It is to ensure, for the benefit of the mortgagor whose equity interest is about to diminish or disappear and who may face personal liability for the full amount of any deficiency, that a sufficient number of likely bidders learn of the sale so that competition, and thus the highest price, will result.” US Bank Nat. Ass’n v. Ibanez, 2009 WL 795201 (Mass. Land Court) at *3.
Black’s Law Dictionary defines “newspaper” as “a publication for general circulation, usually in sheet form, appearing at regular intervals, usually daily or weekly, and containing matters of general public interest, such as current events.” Black’s LawDictionaiy at 1069 (8th ed. 2004). “Newspaper of general circulation” is defined as “a newspaper that contains news and information of interest to the general public, rather than to a particular segment, and that is available to the public within a certain geographic area.” Id.
Under the circumstances of this case, where the property being foreclosed on is in the Falmouth community of 33,000 residents, where there is a newspaper published with a weekly circulation of 18,000 and where the purported statutoiy notice was through a paper neither published nor printed in Falmouth and with a weekly paid subscription in the town of only 207 copies, the foreclosure sale is void as a matter of law for failure of notice compliant with G.L.c. 244, §14.
In light of the statutory purpose of the publication notice, no reasonable jury could conclude that the Upper Cape Codder was a “newspáper with general circulation” within the town of Falmouth in July 2006 for publishing notice of a foreclosure sale of a residential properly in the town.
ORDER
The defendant’s motion for summary judgment is ALLOWED. The plaintiffs cross motion for partial summary judgment on the issue of liability is DENIED.